## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 2:22-CV-1550 |
| MT. LEBANON OPERATIONS, LLC, A/K/A MT. LEBANON HEALTHCARE OPERATIONS, LLC, D/B/A MT. LEBANON REHABILITATION AND WELLNESS CENTER, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("the "Secretary"), brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") to restrain Defendant Mt. Lebanon Operations, LLC, a/k/a Mt. Lebanon Healthcare Operations, LLC, d/b/a Mt. Lebanon Rehabilitation and Wellness Center, from retaliating against employees in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

Defendant has retaliated against a former employee, Martha Stillwagon, by threatening to file, and then filing, a baseless, retaliatory state court lawsuit against Ms. Stillwagon. Defendant filed its retaliatory lawsuit only after Plaintiff identified Ms. Stillwagon as a government witness in Plaintiff's FLSA enforcement action in this Court against Defendant and several other related businesses. *See generally Walsh v. Comprehensive Healthcare Management Services, LLC, et al.*, Civ. Action No. 18-1608 (filed November 30, 2018) (hereinafter, "CHMS enforcement action").

The Secretary is authorized to seek injunctive relief to restrain violations of the FLSA.

*See* 29 U.S.C. § 217. Because Defendant has retaliated against a former employee who was

about to testify in a proceeding under the FLSA, a protected activity under the FLSA, the

Secretary seeks from this Court an order enjoining Defendant and those acting on its behalf from

violating Section 15(a)(3) through any further intimidation, retaliation, or other adverse action

against current or former employees because of the employees' protected activity.

1.      Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29

U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.      Defendant Mt. Lebanon Operations LLC is a limited liability company organized

under the laws of the Commonwealth of Pennsylvania. Defendant operates a nursing facility at

350 Old Gilkeson Road, Mt. Lebanon, PA 15228, within the jurisdiction of this Court. Defendant

uses the registered fictitious name "Mt. Lebanon Rehabilitation and Wellness Center."[1]

3.      Defendant violated the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. §

215(a)(3), by retaliating and threatening to retaliate against a former employee, Martha

Stillwagon, whom the Secretary identified as a trial witness in the CHMS enforcement action.

4.      Martha Stillwagon is a former employee of Defendant. Ms. Stillwagon served as

the Human Resources Director and compliance officer of Defendant and as a human resources

generalist for its predecessor entity, Golden Living Center, from about December 2014 until

about January 2020.

5.      During Ms. Stillwagon's employment with Defendant, her immediate supervisor

was Defendant's Licensed Nursing Administrator, Susan Gilbert. Ms. Gilbert's immediate

---

[1] The plaintiff in the state court lawsuit is identified as Mt. Lebanon Healthcare Operations LLC. However, there is no limited liability company or other entity registered under that name with the Commonwealth of Pennsylvania's Department of State.

supervisor was Margaret Zapor Reichard, who was a regional director of operations for CHMS

Group LLC, and later a regional operations consultant for Western PA Consultants, LLC, the

entities that oversaw and controlled Defendant and other related facilities on behalf of owner

Sam Halper and other owners.

6.      Defendant's operations are funded in part by government sources, including

Medicare and Medicaid. Defendant is required to maintain certain state and federally mandated

minimum staffing levels to receive Medicare and Medicaid funding.

7.      From about October 2018 until about September 2019, Ms. Gilbert and other

senior Defendant personnel instructed Ms. Stillwagon to misrepresent nursing staff hours in

Defendant's time and pay records, including changing time and pay records to reflect work hours

that employees did not actually work. Upon information and belief, some of Defendant's

employees were induced to assist in this scheme through payment of bonuses.

8.      Upon information and belief, Ms. Stillwagon's supervisors instructed her to

change Defendant's time and pay records to make it appear that Defendant met its minimum

staffing levels. Ms. Gilbert stated that if Ms. Stillwagon wanted to keep her job, she needed to

keep corporate management, including Sam Halper, happy by making Defendant appear to

comply with the staffing requirements.

9.      Ms. Stillwagon had no authority to authorize employee bonuses or approve

payroll and had no access to Defendant's accounts. Under Ms. Gilbert's direction, Ms.

Stillwagon prepared bonus-related paperwork for Ms. Gilbert's approval and signature.

10.     On or around January 23, 2020, Ms. Stillwagon resigned from her employment at

Mt. Lebanon via email to Ms. Gilbert and other senior personnel with CHMS Group. In her

email, Ms. Stillwagon stated that Ms. Gilbert and other senior personnel instructed her to misrepresent staff hours so Defendant could meet its state and federal staffing requirements.

11.     Plaintiff filed the CHMS enforcement action in this Court on November 30, 2018. *See generally*, Civ. Action No. 18-1608 at ECF 1. The CHMS enforcement action alleges, *inter alia*, that Defendant and other related businesses failed to pay their employees the proper overtime premium and failed to keep proper records in violation of Sections 7(a) and 11(c) of the FLSA.

12.     In support of Plaintiff's CHMS enforcement action, Ms. Stillwagon provided a signed declaration under penalty of perjury detailing various overtime and recordkeeping issues at Defendant and other related nursing facilities controlled by CHMS. On October 19, 2020, Plaintiff moved for summary judgment in the CHMS enforcement action and attached Ms. Stillwagon's declaration as an exhibit. *Id.* at ECF 191-1, pp. 36–58.

13.     On October 27, 2021, Plaintiff identified Ms. Stillwagon as a Phase I trial witness in the CHMS enforcement action through a public filing on this Court's ECF system. *Id.* at ECF 238. Defendant, represented by counsel in the CHMS enforcement action, received service of these filings via ECF notice.

14.     On November 18, 2021, three weeks after Plaintiff identified Ms. Stillwagon as a trial witness, Defendant's counsel served Ms. Stillwagon with a demand letter threatening to sue her for unspecified damages related to alleged unauthorized bonuses.

15.     On January 18, 2022, less than two weeks before the start of trial in the CHMS enforcement action, Defendant filed the state court lawsuit against Ms. Stillwagon in the Court of Common Pleas of Allegheny County. This lawsuit is objectively baseless and retaliatory. For example, it alleges that Ms. Stillwagon misappropriated Defendant's funds and manipulated

Defendant's timecard system to authorize employee bonuses for work not performed. However, in reality, any such actions were taken only at the direction of Ms. Gilbert and other senior personnel so Defendant could appear to meet state and federal staffing requirements.

16.     In August 2022, the United States Attorney for the Western District of Pennsylvania indicted Sam Halper, Susan Gilbert, Defendant, and other related facilities and personnel on several charges, including conspiracy to defraud the United States, falsification of records related to health care matters, falsification of records in a federal investigation, health care fraud, and conspiracy to commit health care fraud. *See U.S. v. Halper, et al.*, No. 2:21-cr-00079, ECF No. 49 (W.D. Pa. Aug. 5, 2022). The indictment alleges *inter alia* that Ms. Gilbert directed administrative employees at Mt. Lebanon to falsify records to give the appearance of meeting state and federal staffing requirements. *Id.* ¶¶ 58-70. Ms. Stillwagon was not indicted.

17.     Defendant violated Section 15(a)(3) by threatening Ms. Stillwagon, who had provided a declaration against Defendant and who was about to testify for Plaintiff in the CHMS enforcement action, with a baseless, retaliatory lawsuit blaming Ms. Stillwagon for alleged unauthorized bonuses Defendant paid to employees at the direction of Ms. Gilbert and other Defendant senior personnel. Defendant further violated Section 15(a)(3) by following through on that threat when Defendant sued her in state court on the eve of trial when Plaintiff expected to call her as a government witness.

18.     Defendant's actions were designed to chill Ms. Stillwagon's participation in the CHMS enforcement action by seeking to impose financial liability for actions taken only at the direction of her immediate supervisor, Ms. Gilbert, under threat of losing her job.

19.     Defendant's actions also sent the message to other current and former employees testifying in the CHMS enforcement action that they, too, may have to defend themselves from baseless, retaliatory lawsuits based on acts performed at the direction of Defendant.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendant providing the following relief:

A.     For an injunction issued pursuant to Section 17 of the FLSA permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with Defendant who receive actual notice of any such judgment, from violating the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

B.     An Order awarding the Secretary all costs of this action; and

C.     An Order awarding the Secretary with any other relief that the Court deems necessary and appropriate.

Respectfully submitted,

Mailing Address:                                   **UNITED STATES DEPARTMENT OF LABOR**

U.S. Department of Labor                           Seema Nanda
Office of the Regional Solicitor                   Solicitor of Labor
1835 Market Street
Mailstop SOL/22                                    Oscar L. Hampton III
Philadelphia, PA 19103                             Regional Solicitor

(215) 861-5141 (voice)                             */s/ Brian P. Krier*
(215) 861-5162 (fax)                               By: Brian P. Krier
                                                   PA ID # 313826
krier.brian@dol.gov
                                                   Attorneys for Plaintiff
Date: November 2, 2022

6